1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9   DAVID KUZNETSOV,

10              Petitioner,                     CASE NO.  C07-858-MJP-MAT

11        v.

12   NEIL CLARK, et al.,                        ORDER DENYING MOTION FOR
                                                TEMPORARY RESTRAINING ORDER

13              Respondents.

14

15       Petitioner David Kuznetsov, proceeding through counsel, has filed a Motion for Temporary

16  Restraining Order and Order for Release From Custody, requesting that the Court issue a temporary

17  restraining order ("TRO") preventing his transfer out of this jurisdiction and preventing the U.S.

18  Immigration and Customs Enforcement ("ICE") from holding him in detention without bond.

19       The basic function of a preliminary injunction is to preserve the  *status quo ante litem*

20  pending a determination of the action on the merits. *Los Angeles Memorial Coliseum Comm'n v.*

21  *National Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980).  In determining whether to grant

22  a temporary restraining order or a preliminary injunction, the Ninth Circuit considers: (1) the

23  likelihood of success on the merits; (2) the possibility of irreparable injury to plaintiff if an injunction

24

25  ORDER DENYING MOTION FOR
    TEMPORARY RESTRAINING ORDER
26  PAGE – 1

1  is not granted; (3) the extent to which the balance of hardships favor plaintiff; and (4) whether the

2  public interest will be advanced by the injunction. *See, e.g., Los Angeles Mem'l Coliseum Comm'n*,

3  634 F.2d at 1200. The analysis is often compressed into a single continuum where the required

4  showing of merit varies inversely with the showing of irreparable harm. *See Prudential Real Estate*

5  *Affiliates, Inc. v. PRP Realty, Inc.*, 204 F.3d 867, 874 (9th Cir. 2000). The moving party may meet

6  its burden by demonstrating either: (1) a probability of success on the merits and the possibility of

7  irreparable injury; or (2) that serious legal questions are raised and the balance of hardship tips

8  sharply in petitioner's favor. *Los Angeles Mem'l Coliseum Comm'n,* 634 F.2d at 1201.

9  The Court finds that petitioner does not satisfy either standard. Petitioner asserts that "ICE

10  officers intend to send [him] to a prison in Alabama to be held pending removal proceedings." (Dkt.

11  #2 at 2). Petitioner "requests this Court to issue a temporary restraining order preventing his

12  transfer out of this jurisdiction." (Dkt. #2 at 2 and 9). Aside from this request for relief, petitioner

13  provides no argument or legal authority showing that the Court has any basis or authority to enter

14  such relief. Petitioner also claims that the Department of Homeland Security ("DHS") and the

15  Immigration Judge have wrongfully refused to establish a bond amount because he has been deemed

16  to be an "arriving alien." (Dkt. #2 at 3). Petitioner claims that he is not an "arriving alien" and that

17  he is entitled to release from detention pursuant to INA § 236(a), 8 U.S.C. § 1226(a). However,

18  there is insufficient evidence in the record currently before the court to conclude that petitioner is

19  not an arriving alien or that he is entitled to release from detention pursuant to INA § 236(a).

20  Despite the harm which petitioner is and will continue to suffer during his detention, he has not

21  raised serious questions regarding his entitlement to relief, much less shown a probability of success

22  on the merits. In such circumstances, equitable relief is inappropriate. Plaintiff's motion for

23

24

25  ORDER DENYING MOTION FOR
   TEMPORARY RESTRAINING ORDER
26  PAGE – 2

1    temporary restraining order is therefore DENIED.

2         DATED this 6th day of June, 2007.

3

4

5                                                 Marsha J. Pechman
                                                  U.S. District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   ORDER DENYING MOTION FOR
     TEMPORARY RESTRAINING ORDER
26   PAGE – 3